<u>NOT FOR PUBLICATION</u>

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| CURTISS WRIGHT CORPORATION,<br>    Plaintiff,<br><br>v.<br><br>CNA FINANCIAL CORPORATION; and<br>CONTINENTAL CASUALTY COMPANY,<br><br>    Defendants. | Civil Action No. 11-04416(SDW)<br><br><br>**OPINION**<br><br><br>March 28, 2012 |

**WIGENTON**, District Judge.

Before the Court is Plaintiff Curtiss Wright Corporation's objection to Magistrate Judge Madeline Cox Arleo's Report and Recommendation ("R&R") granting Defendants' motion to dismiss CNA Financial Corporation ("CNAF") as a defendant and denying Plaintiff's motion to remand this action to the Superior Court of New Jersey.  Defendants CNAF and Continental Casualty Company ("Continental") oppose Plaintiff's objections.  This Court has jurisdiction pursuant to 28 U.S.C. § 1331. Venue is proper pursuant to 28 U.S.C. § 1391(b). This Court, having considered the parties' submissions, decides this matter without oral argument pursuant to Federal Rule of Civil Procedure 78.  For the reasons set forth below, this Court **ADOPTS** Judge Arleo's R&R.

**FACTUAL HISTORY**

Inasmuch as this Court writes solely for the parties, only a brief recitation of the facts and procedural history of this case is provided.  Plaintiff, a designer and manufacturer of highly engineered, advance technologies and services, contracted with Continental for a commercial property insurance policy.  Plaintiff filed two insurance claims with Continental, and Continental

denied coverage.  As a result, Plaintiff brought suit in New Jersey state court for breach of contract and declaratory judgment against both Continental and CNAF, stating that they are both jointly and severally liable.  Defendants removed the action based on diversity jurisdiction and moved to dismiss CNAF as a defendant.  Plaintiff filed a cross-motion to remand the case.

**LEGAL STANDARD**

A district court may "designate a magistrate judge to conduct hearings . . . and to submit to a judge of the court proposed findings of fact and recommendations for the disposition" of certain matters pending before the court. 28 U.S.C. § 636(b)(1)(B). The Federal Magistrates Act "distinguishes between two categories of matters that a district judge can refer to a magistrate judge." *Nat'l Labor Relations Bd. v. Frazier*, 966 F.2d 812, 816 (3d Cir. 1992). These are either pretrial matters or dispositive matters. 28 U.S.C. § 636(b)(1)(A). Pretrial matters are reviewed under a clearly erroneous standard. *Id*. Dispositive matters are reviewed de novo. 28 U.S.C. § 636(b)(1)(B). Motions to remand to state court are dispositive motions. *See In re U.S. Healthcare*, 159 F.3d 142, 146 (3d Cir. 1998). Thus, this Court will examine Plaintiff's objections under a de novo standard of review.

**DISCUSSION**

Plaintiff objects to Judge Arleo's R&R on two grounds; Plaintiff argues that (1) Magistrate Judge Arleo should not have considered Defendants' supporting affidavit, which was not in the pleadings, in determining subject matter jurisdiction and (2) the Declaratory Judgment Act required Judge Arleo to abstain from adjudicating this case, thereby warranting a remand of this action.  Each objection will be discussed separately.

I. *Subject Matter Jurisdiction*

This Court first considers whether contents outside a complaint can be considered when determining subject matter jurisdiction. In district court, subject matter jurisdiction exists when there is diversity of jurisdiction between parties and the claims exceed $75,000. *See Werwinski v. Ford Motor Co.*, 286 F.3d 661, 666 (3d Cir. 2002). Here, Plaintiff is a citizen of Delaware with a principal place of business in New Jersey. Continental is incorporated in Illinois and has a principal place of business in Illinois. Continental is authorized to issue insurance policies in New Jersey. CNAF is incorporated in Delaware, but with a principal place of business in Illinois. Plaintiff filed its initial complaint in the Superior Court of New Jersey, Morris County against CNAF and Continental. Defendants removed this case on the basis that CNAF was fraudulently joined into the complaint and, thus, diversity of citizenship exits between Plaintiff and Continental.[1] (Def.'s Br. 6-14.) Joinder is considered fraudulent "where there is no reasonable basis in fact or colorable ground supporting the claim against the joined defendant, or no real intention in good faith to prosecute the action against the defendant or seek a joint judgment." *Boyer, et al. v. Snap-On Tools Corporation, et al.*, 913 F. 2d 108, 111 (3d Cir. 1990) (internal citations omitted).

Unlike Plaintiff, Defendants provided support for their argument; they submitted with their notice of removal an affidavit of CNAF's assistant secretary David B. Lehman ("Affidavit") in an attempt to support their theory of fraudulent joinder. Plaintiff argues that the Affidavit was inappropriately considered by Judge Arleo; however, case law provides otherwise. (Pl.'s Br. 11-14.) "[A] court can look to more than just the pleading allegations to identify

---

[1] Plaintiff clarified that its basis for filing in state court was premised on its belief that there is an "alter ego connection" between CNAF and Continental, thereby entitling Plaintiff to plead that Defendants are jointly and severally liable. Despite Plaintiff's reasoning, the complaint contains no support for this contention. Accordingly, Plaintiff cannot now expect this Court to address an issue that was not pled in the complaint.

fraudulent joinder" as long as the court does not step outside "the threshold jurisdictional issue into a decision on the merits." *In re Briscoe*, 448 F.3d 201, 219 (3d Cir. 2006). Since the lower Court was dealing with the issue of fraudulent joinder, case law is clear that consideration of documents outside the complaint is permissible.

Therefore, the lower court was correct in considering the Affidavit in its analysis.

II. *Declaratory Judgment Act*

The Declaratory Judgment Act ("Act") states that a court "may declare the rights and other legal relations of any interested party seeking such declaration." 28 U.S.C. § 2201(a). When a proceeding is brought under this Act, a court is under "no compulsion to exercise jurisdiction" under the act, if a [parallel] state court proceeding would be able to settle the matters. *Brillhart v. Excess Ins. Co. of America*, 316 U.S. 491, 494-95 (1942). However, a parallel state court proceeding is not the only factor to consider; other factors include: (1) whether state law is close or unsettled; (2) whether there exists an "inherent conflict of interest between an insurer's duty to defend in state court as falling within the scope of a policy exclusion"; and (3) whether duplicate litigation can be avoided. *Empire Fire & Marine Ins. Co. v. Bennett*, 2006 U.S. Dist. LEXIS 19909 *9-10 (N.J.) Thus, "the existence of parallel state proceedings [is not] a condition precedent for declining jurisdiction." *Id*.

In the present case, Plaintiffs did not bring the state court proceeding pursuant to the Declaratory Judgment Act. Also, the Defendants removed this case to federal court on the basis of diversity jurisdiction, and not the Declaratory Judgment Act. Implicit in the case law analyzing Declaratory Judgment Act claims, is a requirement that the Act be invoked by one of the parties involved in order for it to be applicable. Since a case must invoke the Declaratory

Judgment Act in order for the Act to apply, Judge Arleo was correct in exercising jurisdiction and not remanding the case.

**CONCLUSION**

For the reasons stated above, this Court **ADOPTS** the Report and Recommendation by Judge Arleo, and **GRANTS** Defendants' motion to dismiss CNAF as a defendant, and **DENIES** Plaintiff's cross-motion to remand.

<span style="margin-left:50%">s/ Susan D. Wigenton, U.S.D.J.</span>

Orig:      Clerk
cc:        Madeline Cox Arleo, U.S.M.J.
           Parties